GREATER NEW ORLEANS HOMESTEAD ASSN. v. GLOBE INDEMNITY CO.

(May 21, 1928. Opinion and Decree.)

(Syllabus by the Court)

1. Louisiana Digest—Bonds—Par. 8, 11, 17, 18, 20.
The word "lien" as used in a lien bond, issued by a surety company, indemnifying the assured against the inscription of "any liens, privileges or other encumbrances" on the property of assured means valid liens. An action on the bond is premature when filed during the pendency of a suit which raises the issue of the validity of recorded liens notwithstanding the judgment of the trial court recognizing the validity of the lien.

Appeal from First City Court, Div. "B." Hon. Val J. Stentz, Judge.

Action by Greater New Orleans Homestead Association against Globe Indemnity Company.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

J. J. Dresner of New Orleans, attorney for plaintiff, appellant.

Edward Rightor, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit on a lien bond. Plaintiff appeals from a judgment maintaining an exception of prematurity.

The record shows that plaintiff loaned one Henry T. Korner $3,000.00, and in addition to the usual homestead act of sale and re-sale, required a lien bond. Korner became delinquent, the Homestead foreclosed and became the adjudicatee of the property. Several parties claimed a privilege upon the proceeds of sale with priority over plaintiff. One of these claimants, Jordy Bros. Slate Company, was recognized by a judgment of the Civil District Court as being entitled to prime plaintiff for the sum of $109.38. An appeal was taken to this Court.

Plaintiff in order to get a marketable title to the property at once, placed the

amount of the Jordy Bros. lien in the hands of the sheriff and instituted this suit in the First City Court for the sum deposited.

The bond sued on recites:

"The condition of this obligation is such, that if after the expiration of one year after the date hereof there shall not appear inscribed upon the public records of the Parish of Orleans, any liens, privileges or other encumbrances against the said property above described in favor of any laborers, materialmen, or any other party or parties to whom liens and rights might be accorded under the law, and that the Greater New Orleans Homestead Association shall suffer no loss by reason thereof then this obligation to be null and void; otherwise, to remain in full force and effect."

The position of defendant is that, until the result of the appeal is known no action can be maintained against it, since it might well be that the judgment recognizing the priority of the Jordy lien would not be upheld, and it follows that the condition of defendant's liability in that event would not arise. On the other hand it is argued that the mere inscription of the Jordy lien and its tentative recognition by the trial court is sufficient. We are of opinion that the lien referred to in the bond means valid lien without such express qualification and that it is only after a final determination by the courts of the issue of validity raised by the defendant that suit may be instituted on the bond. The fact that plaintiff has deposited in cash with the sheriff the amount of the lien claimed to be preferred to its own is immaterial.

The judgment appealed from is affirmed.